IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDSTEIN FAMILY PARTNERSHIP, LP, as nominee and agent for several lenders,<br>        Plaintiff,<br><br>v.<br><br>Q LOTUS, INC., Q LOTUS HOLDINGS INC., GARY A. ROSENBERG TRUST, UNDER THE WILL OF BEN J. ROSENBERG DATED AUGUST 28, 1978.<br>        Defendants. | : Case No. 17-CV-08964-GHW<br>:<br>: AFFIDAVIT OF<br>: JOSHUA GOLDSTEIN IN SUPPORT<br>: OF PLAINTIFF'S MOTION DEFAULT<br>: JUDGMENT |

STATE OF NEW YORK       )
                               ) ss.:
COUNTY OF ROCKLAND   )

Joshua Goldstein, being duly sworn, hereby deposes and says:

      1.     I am the President of Goldstein Management Corp., general partner of Plaintiff, Goldstein Family Partnership, LP ("Goldstein LP") and I am fully familiar with the facts and circumstances set forth herein.

      2.     I submit this affidavit in further support of Goldstein LP's order to show cause for default judgment against Defendants, Q Louts Holdings, Inc., and the Gary A. Rosenberg Trust under the will of Ben J. Rosenberg Dated August 28, 1978 (the "Rosenberg Trust").

      3.     This case concerns the utter failure by Defendant guarantors to fulfill their contractual obligations to repay amounts Q Lotus, Inc. indisputably borrowed from Plaintiff pursuant to the Promissory Note[1] issued to Plaintiff commencing almost nine (9) years

---

[1] Capitalized terms used herein shall have the same meaning as ascribed to them in the Complaint.

ago, and Defendants' ongoing abuse of Plaintiff lender's repeated, years- long efforts-- relying upon myriad misrepresentations by Defendants concerning their intent and ability to pay back the amounts owed.

4. Notwithstanding Plaintiff's good faith and protracted efforts, however, Defendants have -- for a period of several years -- steadfastly refused to pay the substantial amounts they owe and have defaulted on their obligations under their respective guarantees.

## THE PARTIES

5. Upon information and belief, Q Lotus Holdings, Inc. owns all of the issued and outstanding capital stock of Q Lotus, Inc.

6. Upon information and belief, Gary A. Rosenberg was, during all relevant times, the Chairman and/or Chief Executive Officer of Q Lotus Holdings, Inc. and the Chairman and/or Chief Executive Officer of Q Lotus Inc.

7. In this role, Gary A. Rosenberg negotiated the Q Lotus Holdings, Inc. guaranty of Q Lotus Inc.'s obligations under the Promissory Note.

8. Defendant, Rosenberg Trust, upon information and belief, is a trust for the benefit of Gary A. Rosenberg, and has one voting trustee, Gary A. Rosenberg.

9. As the only voting trustee of the Gary A. Rosenberg Trust, Gary A. Rosenberg negotiated Defendant, the Rosenberg Trust's, guaranty of Q Lotus Inc.'s obligations under the Promissory Note.

## NEGOTIATION OF THE GUARANTEES EXECUTED BY Q LOTUS HOLDINGS, INC. AND GARY A. ROSENBERG TRUST.

10. As President of Goldstein Management Corp., the general partner of Goldstein LP, I personally negotiated the guarantees executed by Q Lotus Holdings, Inc. and the Rosenberg Trust directly with Gary A. Rosenberg.

11. All of the essential negotiations concerning the Q Lotus Holdings, Inc. and the Rosenberg Trust guarantees took place in New York and Defendants came to New York specifically to further their business relationship with Goldstein LP.

12. I personally met with Gary Rosenberg in New York on December 13, 2012 and December 19, 2012 to negotiate the Q Lotus Holdings, Inc. guaranty.

13. Gary A. Rosenberg called me from Illinois while I was in New York to discuss finalizing of the Q Lotus Holdings, Inc. guaranty.

14. On or about January 16, 2013, less than one month after our meetings in New York, Q Lotus Holdings, Inc., entered into the guaranty of Q Lotus Inc.'s obligations under the Promissory Note.

15. The meetings in December 2012 were integral to the execution of the guaranty as all of the essential terms of the guaranty were negotiated and agreed to at those meetings.

16. I again met with Gary Rosenberg in New York on March 13, 2013, May 22, 2013, July 11, 2013, August 7, 2013, and September 9, 2013 to discuss Gary A. Rosenberg's requests for additional funding, extensions of time to pay the outstanding debt, requests for the extension of new credit by the Plaintiff to Q Lotus, Inc., the business activities of Q Lotus, Inc. and Q Lotus Holdings, Inc., and the mining rights and other security for Q Lotus, Inc.'s outstanding debt.

17. On November 24, 2014, Sheldon S. Goldstein and I, along with Lucille Falcone, General Counsel of Goldstein Management Corp., met with Gary A. Rosenberg in New York, at Goldstein LP's office, located at 200 W. 57th Street, Suite 702, New York,

New York 10019, to discuss, *inter alia,* the outstanding debt of Q Lotus, Inc. and Q Lotus Holdings, Inc. and additional security for the outstanding debt.

18. At the November 24, 2014 meeting, Gary A. Rosenberg requested an additional loan in the amount of $350,000. In consideration for this additional loan, Gary A. Rosenberg, Sheldon S. Goldstein and I negotiated the $350,000 guaranty from the Rosenberg Trust of Q Lotus Inc.'s Promissory Note. At this meeting we also agreed to the Sixth Amended Promissory Note of Q Lotus, Inc.

19. Gary A. Rosenberg called me from Illinois while I was in New York to discuss finalizing of the Rosenberg Trust guaranty.

20. Less than one week after the November 24, 2014 meeting in New York, on or about December 1, 2014, the Rosenberg Trust executed the guaranty and agreed, *inter alia,* to guaranty up to $350,000 of Q Lotus, Inc.'s obligations to Plaintiff.

21. The November 24th meeting in New York was integral to the execution of the Rosenberg Trust guaranty.

*[SIGNATURE PAGE TO FOLLOW]*

_____
Joshua Goldstein

Sworn to before me this

9 day of April, 2018

_____
Notary Public

STATE OF NEW YORK
COUNTY OF ROCKLAND

DIANNE KOPAC
Notary Public, State Of New York
No. 01KO6096278
Qualified In Rockland County
Commission Expires Nov. 13, 2021