IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GOLDSTEIN FAMILY PARTNERSHIP,　:
LP, as nominee and agent for several　:
lenders,　:　Civil Action No.: 1:17-CV-08964-GHW
　　　　　Plaintiff,　:　Honorable Gregory H. Woods
　　　　　　　　　:
　　　　v.　:
　　　　　　　　　:
Q LOTUS, INC., Q LOTUS HOLDINGS　:
INC., GARY A. ROSENBERG TRUST,　:
UNDER THE WILL OF BEN J.　:
ROSENBERG DATED AUGUST 28, 1978.　:
　　　　　Defendants.　:
　　　　　　　　　:

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT AGAINST Q
LOTUS HOLDINGS, INC. AND GARY A. ROSENBERG TRUST, UNDER THE WILL
OF BEN J. ROSENBERG DATED AUGUST 28, 1978

TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES........................................................................................................ ii

I.      PRELIMINARY STATEMENT ............................................................................1

II.     SECTION 2.4 OF THE GUARANTEES BINDS DEFENDANTS TO THE FORUM
        SELECTION CLAUSE IN THE PROMISSORY NOTE. ......................................2

III.    THIS COURT HAS SPECIFIC JURISDICTION OVER
        Q LOTUS HOLDINGS INC. AND GARY A. ROSENBERG TRUST. ...........................5

        New York's Specific Jurisdiction Standard ................................................................5

        Specific Jurisdiction Factors As Applied to Q Lotus Holdings,
        Inc. and Rosenberg Trust ...........................................................................................7

        Q Lotus Holdings, Inc.'s Guaranty Negotiations.........................................................8

        Rosenberg Trust Guaranty Negotiations.....................................................................9

IV.     CONCLUSION.....................................................................................................11

### TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*
   98 F.3d 25 (2d Cir. 1996) ............................................................................... 7

*Ameritrust Co. Nat. Ass'n v. Chanslor*
   803 F. Supp. 893 (S.D.N.Y. 1992) ............................................................... 3, 4

*Goldstein v. CTT Mobile Mgmt. Servs., Inc.*
   No. 84 CIV. 824 (JFK), 1985 WL 321 (S.D.N.Y. Feb. 26, 1985)..................... 6

*Greene's Ready Mixed Concrete Co. v. Fillmore PacAssocs. Ltd. P'ship*
   808 F. Supp. 307 (S.D.N.Y. 1992) ................................................................. 4

*In re Roman Catholic Diocese Inc.*
   745 F.3d 30 (2d Cir. 2014) ............................................................................ 6

*Koninklijke Philips Elecs.*
   358 F. Supp. 2d 328 (S.D.N.Y. 2005) ............................................................ 5

*PaineWebber Inc. v. WHV, Inc.*
   1995 WL 296398, at (S.D.N.Y. May 16, 1995) ............................................... 6

*SAS Grp., Inc. v. Worldwide Inventions, Inc.*
   245 F. Supp, 2d 543 (S.D.N.Y. 2003) ..................................................... 6, 9, 10

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*
   277 F. Supp. 3d 521 (S.D.N.Y. 2017) ............................................................ 6

*Sunward Elecs., Inc. v. McDonald*
   362 F.3d 17 (2d Cir. 2004) ................................................................... *passim*

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders*
   582 F. Supp. 2d 605 (S.D.N.Y. 2008) ............................................................ 5

**Statutes**

CPLR 302 (a)(1) ....................................................................................... 1, 5

**Dictionary**

*Consent*, BLACK'S LAW DICTIONARY (10th ed. 2014).....................................2

## I.   <u>PRELIMINARY STATEMENT</u>

In accordance with this Court's March 23, 2018 Order, Plaintiff ("Goldstein LP") hereby submits this supplemental memorandum of law concerning this Court's jurisdiction over Defendants Q Lotus Holdings, Inc. and the Gary A. Rosenberg Trust, Under the Will of Ben J. Rosenberg dated August 28, 1978 ("Rosenberg Trust") (together, "Defendants"), and in further support of Plaintiff's Order to Show Cause for Default Judgment against all Defendants.

The guarantees executed by Defendants unequivocally subject them to the jurisdiction of the Southern District of New York because the guarantees bind Defendants to <u>*all*</u> of the terms and provisions of the Promissory Note[1], including the forum selection clause. The Promissory Note plainly gives the Southern District of New York exclusive jurisdiction over any suit or action arising out of the Promissory Note.  As a result of the forum selection clause, Plaintiff need not provide any additional basis for jurisdiction over Defendants.

In the alternative, if this Court finds that the forum selection clause is somehow not applicable to the guarantees, then the Court may still exercise jurisdiction over Q Lotus Holdings, Inc. and the Rosenberg Trust because of their myriad contacts with New York that included extensive negotiations in New York on the part of Defendants concerning the very guarantees at issue in this litigation. As set forth below, these contacts are more than sufficient for the assertion of specific jurisdiction pursuant to New York's long arm statute, CPLR 302 (a)(1).

Accordingly, this Court should exercise jurisdiction over Defendants, and order that the default judgment it issued against Q Lotus, Inc. be extended to include Q Lotus Holdings, Inc. and the Rosenberg Trust.

---

[1] Capitalized terms used herein shall have the same meaning as ascribed to them in the Complaint.

II.   **SECTION 2.4 OF THE GUARANTEES BINDS DEFENDANTS TO THE FORUM SELECTION CLAUSE IN THE PROMISSORY NOTE.**

Simply stated, Q Lotus Holdings, Inc. and the Rosenberg Trust have explicitly consented to the jurisdiction of the Southern District of New York by unequivocally consenting to be bound by all of the terms of Q Lotus, Inc.'s Promissory Note.

The Promissory Note, executed by Defendant Q Lotus, Inc., confers jurisdiction on this Court.  Section 10 of the Promissory Note provides, in relevant part: "The parties irrevocably and unconditionally consent and submit to the exclusive jurisdiction and venue in the federal courts sitting in the Southern District of New York for purposes of any suit, action or other proceedings arising out of this Note (and agrees not to commence any action, suit of or proceedings relating hereto except in such courts.)" (Holahan Aff. ¶ 17, Ex. L.)

Q Lotus Holdings, Inc. and the Rosenberg Trust have provided unconditional guarantees of Q Lotus Inc.'s obligations under the Promissory Note. (Holahan Aff. ¶ 30, Ex. N and ¶ 22, Ex. M.)  The executed guarantees state in relevant part:

2.4       <u>Consent and Waiver.</u> Guarantor hereby **consents** to all the terms and provisions of the Agreement[2] and the other Loan Documents…"

(Holahan Aff., ¶ 22, Ex. M and ¶ 30, Ex. N) (emphasis added)

Black's Law Dictionary defines "consent" as: "A voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, esp. given voluntarily by a competent person." Black's Law Dictionary (10th ed. 2014.) By "consent[ing] …to all the terms and provisions" of the Promissory Note, these Defendants have

---

[2] The term Agreement is defined as "Promissory Note" (as amended, supplemented, restated and extended). (*See* Holahan Aff., ¶ 17, Ex. L.)

"agreed" or "approved" to be subject to all the terms of the Promissory Note, including without limitation Section 10 of the Promissory Note, which confers exclusive jurisdiction on the Southern District of New York.

*Ameritrust Co. Nat. Ass'n v. Chanslor*, 803 F. Supp. 893, 895-96 (S.D.N.Y. 1992) is instructive. There, as here, the guaranty at issue did not include an express forum selection clause, but the underlying agreement did contain such a provision. In evaluating the pertinent agreements, the court held that "since one of the Trust's obligations under these agreement[sic] was its consent to New York jurisdiction, the Guarantor's **unlimited assumption of the Trust's obligations assumes this consent as well.**" (emphasis added)  The guaranty in *Ameritrust Co. Nat. Ass'n* stated: "The undersigned ("Guarantor") hereby unconditionally guarantees the full payment, performance and observance of all obligations, agreements, representations, and warranties of the G. Blake and June L. Chanslor Revocable Trust (the "trust"), an Investor, under the Trust's Investor Note, Security Agreement, Subscription Agreement and all other documents and agreement executed by the Trust in connection with its investment." *Id.* at 895.  In short, the court in *Ameritrust Co. Nat. Ass'n* recognized that the guarantor's agreement to "perform" and "observe" all of the Trust's obligations in the underlying agreement included its forum selection provision.  Thus, the court properly exercised jurisdiction over the guarantor.

Here, pursuant to the guarantees Defendants have both agreed to "perform[3]" Q Lotus, Inc.'s obligations under the Promissory Note and have "consented" – rather than agreed to "observe," as in *Ameritrust Co. Nat. Ass'n* – all of the terms of the Promissory Note.  Neither of these promises are qualified or conditioned in any manner whatsoever.  Thus, under the court's analysis in *Ameritrust Co. Nat. Ass'n,* this Court may exercise jurisdiction over Defendants.

---

[3] The guarantees state in Section 2.1 (a)(ii): " Guarantor hereby unconditionally, absolutely and irrevocably guarantees to Lender (ii) the due and timely **performance** of all obligations and observance of all covenants of Borrower under the Agreement…" (Holahan Aff., ¶ 22, Ex. M and ¶ 30, Ex. N) (emphasis added)

Likewise, in the matter *Greene's Ready Mixed Concrete Co. v. Fillmore Pac. Assocs. Ltd. P'ship.*, 808 F. Supp. 307 , 310 (S.D.N.Y. 1992), the court held that the guaranty bound the guarantor to all terms of the underlying debt, including the consent to New York jurisdiction, even when the guaranty did not independently  have a forum selection clause. *Id.*   There, the guaranty contained similar language to the guaranty in *Ameritrust Co. Nat. Ass'n,* stating: "The undersigned (the "Guarantor") hereby unconditionally guarantees the full payment, performance and observance of all obligations, agreements, representations, and warranties of the ____, (the "Investor"), under the Investor's Note, Security Agreement, Subscription Agreement and all other documents and agreement executed by the Investor in connection with its investment ..." *Id.* at 309.

In the instant case, the guarantees specifically state that Q Lotus Holdings, Inc. and the Rosenberg Trust "consent" to *all* of the terms and conditions of the Promissory Note. In *Ameritrust Co. Nat. Ass'n* and *Greene's Ready Mixed Concrete Co.*, the guarantees did not go as far to include a provision acknowledging that the guarantors indeed "consent[ed]" to the terms of the underlying obligation; instead, the guarantees in those cases merely stated that "the undersigned ("Guarantor") hereby unconditionally guarantees" the obligations generally. Yet, in both cases those courts found that jurisdiction over the guarantors was established.

The relevant provisions of the Q Lotus Holdings, Inc. and the Rosenberg Trust guarantees make a much stronger case for conferring jurisdiction than the guarantees found in *Ameritrust Co. Nat. Ass'n* and *Greene's Ready Mixed Concrete Co.*   That is, unlike in those cases, the guarantees here, specifically acknowledge that Defendants not only guaranty all of the obligations under the Promissory Note, but also that they "consent" to all the terms of the Promissory Note. This construction creates no room for ambiguity as to whether Q Lotus

Holdings, Inc. and the Rosenberg Trust intended to be bound by all the terms and conditions of the Promissory Note, including the forum selection clause, as they unequivocally consented to same.[4]

Therefore, based upon Q Lotus Holdings, Inc. and the Rosenberg Trust's consent to be bound by all the terms and provisions of the Promissory Note, this Court has authority to exercise jurisdiction over Q Lotus Holdings, Inc. and the Rosenberg Trust.

## III.   THIS COURT HAS SPECIFIC JURISDICTION OVER Q LOTUS HOLDINGS, INC. AND GARY A. ROSENBERG TRUST.

In the alternative, if the Court elects not to enforce the forum selection clause in the Promissory Note, Q Lotus Holdings, Inc. and the Rosenberg Trust's myriad contacts with New York – all of which arise out of the transactions at issue in this litigation – are more than sufficient for this Court to assert specific jurisdiction pursuant to New York's long arm statute, CPLR 302 (a)(1).

*New York's Specific Jurisdiction Standard*

CPLR 302(a)(1) states: "A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR 302(a)(1).

"[A] defendant who 'transacts business' in New York must 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

---

[4] "Where an agreement contains a valid and enforceable forum selection clause, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process." *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 615 (S.D.N.Y. 2008) citing *Koninklijke Philips Elecs.*, 358 F.Supp.2d 328, 333 (S.D.N.Y. 2005) ("A valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue.")

protections of its laws." *SAS Grp., Inc. v. Worldwide Inventions, Inc.,* 245 F. Supp. 2d 543, 548 (S.D.N.Y. 2003).   "Any meaningful, though isolated, contact may be sufficient to confer jurisdiction." *Goldstein v. CTT Mobile Mgmt. Servs., Inc.,* No. 84 CIV. 824 (JFK), 1985 WL 321, at *4 (S.D.N.Y. Feb. 26, 1985) (citations omitted).   Courts have held that it is the "nature and quality" of the contacts of a non-domiciliary, not the amount of contacts that must be evaluated when analyzing  purposeful activity. *Id. (*citing *PaineWebber Inc. v. WHV, Inc.,* 1995 WL 296398, at *2 (S.D.N.Y. May 16, 1995)).

"[S]pecific jurisdiction cases are limited to those involving issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 588 (S.D.N.Y. 2017) (citing *In re Roman Catholic Diocese Inc.*, 745 F.3d 30, 38 (2d Cir. 2014)).   "Courts have consistently held that contract negotiations occurring in New York are sufficient to support jurisdiction when they either 'substantially advance' or were 'essential' to the formation of a contract or if they resulted in a more solid business relationship between the parties."   *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d at 549. In *SAS Grp., Inc. v. Worldwide Inventions, Inc.,* the court found that defendant's contacts with New York were purposeful and were initiated to try to develop a business relationship with plaintiff.   *Id*. at 549.   The court found that a meeting between the parties in New York was essential to the eventual formation of a contract (5 months later) as the parties had no prior business relationship. *Id*.

The  Second  Circuit  has  identified  four  factors  that  a  court  should  consider  when determining whether an out of state defendant transacted business in New York.  See *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). The Second Circuit has explained that

none of the factors are dispositive and the court should consider the totality of the circumstances when determining the existence of jurisdiction. *Id.* The factors are as follows:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [ ] notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.
>
> *Id.* citing *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir. 1996)

## *Specific Jurisdiction Factors as Applied to Q Lotus Holdings, Inc. and Rosenberg Trust*

It is evident that Q Lotus Holdings, Inc. and Rosenberg Trust have engaged in "purposeful acts" in New York that subject them to the jurisdiction of this Court and the factors set forth in *Sunward Elecs., Inc. v. McDonald*, as set forth above, militate in favor of the assertion of jurisdiction.

We will address each factor in turn. First, the Defendants engaged in a contractual relationship as guarantors of Q Lotus Inc.'s obligations under the Promissory Note with Goldstein LP, a partnership with its principal place of business in Suffern, New York. Second, the guarantees were negotiated in New York and Defendants came to New York with the express purpose of meeting with Goldstein LP to further the parties' relationship with respect to the transactions that form the basis of this litigation. (Goldstein Aff.[5] ¶ 11.) All of the essential negotiations concerning the Q Lotus Holdings, Inc. and the Rosenberg Trust guarantees took place in New York. (*Id.* at ¶ 11.) (A detailed explanation of these meetings is set forth below.)

---

[5] "Goldstein Aff." refers to the Affidavit of Joshua Goldstein in support of Plaintiff's Motion for Default Judgment submitted herewith dated April 9, 2018.

Third, the guarantees executed by Defendants as well as the Promissory Note, contain a New York choice of law provision. (Holahan Aff. ¶ 17, Ex. L (Section 10), Holahan Aff. ¶ 22, Ex. M (Section 6.5), and Holahan Aff. ¶ 30, Ex. N (Section 6.5)). "A choice of law clause is a significant factor in a personal jurisdiction analysis because the parties, by so choosing, invoke the benefits and protections of New York law." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 23 (citations omitted).   With regard to the fourth factor, Q Lotus Holdings, Inc. and the Rosenberg Trust were required to make payments of Q Lotus Inc.'s debt to Plaintiff, which has a principal place of business in Suffern, New York. These facts establish that Q Lotus Holdings, Inc. and the Rosenberg Trust purposefully availed themselves of New York's jurisdiction.

### *Q Lotus Holding, Inc.'s Guaranty Negotiations*

Q Lotus Holdings, Inc. owns all of the issued and outstanding capital stock of Q Lotus, Inc. Gary A. Rosenberg was during all relevant times the Chairman and/or Chief Executive Officer  of Q Lotus Holdings, Inc. and the Chairman and/or Chief Executive Officer of Q Lotus Inc. (Goldstein Aff. ¶ 6.) In this role, Gary A. Rosenberg negotiated the Q Lotus Holdings, Inc. guaranty of Q Lotus Inc.'s obligations under the Promissory Note. (*Id.* at ¶ 7.) Joshua Goldstein, the general partner of Goldstein LP, met with Gary Rosenberg in New York on December 13, 2012 and December 19, 2012 to negotiate the Q Lotus Holdings, Inc. guaranty. (*Id.* at ¶ 12.) Gary A. Rosenberg called Joshua Goldstein from Illinois while he was in New York to discuss the finalizing of the Q Lotus Holdings, Inc. guaranty.  (*Id.* at ¶ 13.) On or about January 16, 2013, less than one month after the meetings in New York, Q Lotus Holdings, Inc., entered into the guaranty of Q Lotus Inc.'s obligations under the Promissory Note. (*Id.* at ¶ 14.) The meetings in December 2012 were integral to the execution of the guaranty as all of the essential terms of the guaranty were negotiated and agreed to at those meetings. (*Id.* at ¶ 15.)

Gary A. Rosenberg, on behalf of Q Lotus Holdings, Inc, purposely availed Q Lotus Holdings, Inc. of the jurisdiction of New York by transacting business within New York by negotiating all of the significant terms of the Q Lotus Holdings, Inc. guaranty in New York. The Q Lotus Holding, Inc. guaranty was executed less than a month after the parties' two meetings in New York to negotiate the specific terms of the guaranty. (*Id.* at ¶¶ 14 - 15.)

These New York meetings were essential to the consummation of Q Lotus Holdings, Inc. guaranty. (*Id.* at ¶ 15.) In *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, the Court found that even though the parties' meetings in New York took place five months earlier, these meetings were sufficient to confer jurisdiction because, *inter alia,* the New York meetings substantially advanced the formation of the contract. *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d at 549. In addition, Q Lotus Holdings, Inc., agreed to a New York choice of law provision in the guaranty – evidencing its intent invoke the benefits and protections of New York law. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 23.

### *Rosenberg Trust Guaranty Negotiations*

The Rosenberg Trust, upon information and belief, is a trust for the benefit of Gary A. Rosenberg, and has one voting trustee, Gary A. Rosenberg. (*Id.* at ¶¶ 8 - 9.) As the only voting trustee of the Gary A. Rosenberg Trust, Gary A. Rosenberg negotiated the Rosenberg Trust's guaranty of Q Lotus Inc.'s obligations under the Promissory Note. (*Id.* at ¶ 9.)

Joshua Goldstein again met with Gary Rosenberg in New York on March 13, 2013, May 22, 2013, July 11, 2013, August 7, 2013, and September 9, 2013 to discuss the amount of debt outstanding from Q Lotus Inc. (*Id.* at ¶ 16.) The parties further discussed Gary A. Rosenberg's requests for additional funding, extensions of time to pay the outstanding debt, requests for the extension of new credit by Plaintiff to Q Lotus, Inc., the business activities of Q Lotus, Inc. and

Q Lotus Holdings, Inc., and the mining rights and other security for Q Lotus, Inc.'s outstanding debt. (*Id.* at ¶ 16.)   Thereafter, on November 24, 2014, Joshua Goldstein and Sheldon S. Goldstein met with Gary Rosenberg in New York at Goldstein LP's office, located at 200 W. 57th Street, Suite 702, New York, New York 10019, to discuss, *inter alia,* the outstanding debt of Q Lotus, Inc. and Q Lotus Holdings, Inc. and additional security for the outstanding debt. (*Id.* at ¶ 17.)  At the November 24, 2014 meeting, Gary A. Rosenberg, Sheldon A. Goldstein, Joshua Goldstein, and Lucille Falcone, General Counsel of Goldstein Management Corp., negotiated the $350,000 guaranty from the Rosenberg Trust of Q Lotus Inc.'s Promissory Note. (*Id.* at ¶ 18.) At this meeting the parties also agreed, *inter alia*, to the Sixth Amended Promissory Note of Q Lotus, Inc. (*Id.* at ¶ 18.)  Gary A. Rosenberg called Joshua Goldstein from Illinois while he was in New York to discuss the finalizing of the Q Lotus Holdings, Inc. guaranty. (*Id.* at ¶ 19.)  Less than one week after the November 24, 2014 meeting in New York, on or about December 1, 2014, the Rosenberg Trust executed the guaranty and agreed,  *inter alia,*  to guarantee up to $350,000 of Q Lotus, Inc.'s obligations to Plaintiff. (*Id.* at ¶ 20.)

These meetings warrant the assertion of jurisdiction over the Rosenberg Trust because the Rosenberg Trust clearly availed itself of the jurisdiction of New York by negotiating the terms of its guaranty in New York. The Rosenberg Trust guaranty was executed just one week after the New York meeting. (*Id.* at ¶ 20.)  The November 24th New York meeting was integral to the execution of the Rosenberg Trust guaranty and resulted in a substantial advancement in the formation of a contract.  (*Id.* at ¶ 21.)  *See SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d at 549. In addition, the Rosenberg Trust also agreed to a New York choice of law provision in the guaranty evidencing intent to invoke the benefits and protections of New York law. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 23.

Based upon the four factor analysis set forth in *Sunward Elecs., Inc. v. McDonald*, which substantially favors the assertion of jurisdiction, as well as the significant contract negotiations that took place in New York between Plaintiff and Defendants concerning the guarantees, specific jurisdiction over both Defendants is appropriate under the circumstances.

## IV.   CONCLUSION

For all of the reasons set forth above, Plaintiff respectfully requests that the Court exercise jurisdiction over Defendants and enter an Order of Default judgment against Defendants, Q Lotus Holdings, Inc. and the Rosenberg Trust.

Dated: April 10, 2018
      New York, New York

**TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP**

By: _____
      David D. Holahan, Esq.
900 Third Avenue
New York, New York 10022
(212) 508-6700
*Attorneys for Plaintiff*